UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Michael D. Damron,

Petitioner,

vs.

REPORT AND RECOMMENDATION

The Head of the State Corrections of Minnesota, and the Warden of the Department of Corrections - Saint Cloud,

Respondents.

Civ. No. 01-2369(RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 15th day of February, 2002.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Petition for Writ of Habeas Corpus. See, Title 28 U.S.C. §2254.

The Petitioner appears pro se, and the Respondents appear by Robert A. Stanich, Assistant Minnesota Attorney General.

For reasons which follow, we recommend that the Petition be transferred to the United States District Court for the District of North Dakota.

8

FILED FEB 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. Factual and Procedural Background

The Petitioner is currently incarcerated at the Minnesota Correctional Facility in St. Cloud, Minnesota, due to his conviction, in May of 1997, as the result of a conditional plea, to five Counts of Tampering with or Damaging a Public Service (Class C Felony), and to one Count of Possession of Stolen Property (Class B Felony). See, Petition for Post-Conviction Relief, at 1-2, Ex. A attached to Petition for Writ of Habeas Corpus ("Petition"). The Petitioner was sentenced to serve ten years of incarceration for the Class B Felony, and five years of imprisonment for each of the Class C Felonies. Id. at 2. All of the sentences were to run concurrently. Id. He was committed to the legal and physical custody of the North Dakota Department of Corrections and Rehabilitation ("DOCR") but, at his request, he was transferred to the physical custody of the Minnesota Department of Corrections on about November 16, 2001. See, Respondent's Memorandum in Support of Transferring Venue, at 1-2. The DOCR still retains legal custody of the Petitioner, however. Id. at 4 ("The North Dakota DOCR can transport Damron back to North Dakota at any time.")

The Petitioner previously challenged the admission, at his State Court Trial, of evidence which was obtained through a search of his apartment, up through the Supreme Court of the State of

North Dakota.[1] The admission of that evidence was upheld. He later filed a State Petition for post-conviction relief, in approximately January of 1999, which raised a number of issues, and that Petition is still pending in the North Dakota State District Court.

Although it appears that the Petitioner has not satisfied the exhaustion requirement of Section 2254, he is now seeking Federal Habeas review of his conviction and sentence, in a Petition that was filed in this Court on December 26, 2001. His current Petition lists a number of grounds for relief, including:

> 1) The plea was unlawfully induced, and not voluntarily made;
>
> 2) The evidence used in his case was gained through an unconstitutional search and seizure; and
>
> 3) The Petitioner received ineffective assistance of counsel.

Petition; see also, Ex. A attached to Petition.

However, for the reasons expressed herein, we recommend that a ruling on the merits of the Petition be deferred, and that the Petition be transferred to the United States District Court for the

[1]The Petitioner relates that North Dakota does not have an intermediate appellate Court, which explains why he appealed the Trial Court's decision, to admit the results of the search, directly to the North Dakota State Supreme Court. Petition, at 3.

District of North Dakota -- the District in which the Petitioner was convicted.

III. Discussion

Since the Petitioner is currently incarcerated in this District, he can properly seek Habeas relief here, even though he was convicted in a North Dakota State Court. See, Braden v. 30th Judicial District Court of Kentucky, 410 U.S. 484, 495 (1973); Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981)("a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian"); see also, Rules Governing Section 2254 Cases In The United States District Courts, Advisory Committee Notes to Rule 2 ("[t]he proper person to be served [with a Petition for a Writ of Habeas Corpus] in the usual case is either the warden of the institution in which the petitioner is incarcerated * * * or the chief officer in charge of state penal institutions"). However, this Court must also consider whether Minnesota is the most appropriate venue for the Petitioner's Habeas Corpus proceedings. See, Braden v. 30th Judicial District Court of Kentucky, supra at 499 (discussing jurisdiction over a Petition for Writ of Habeas Corpus filed under Title 28 U.S.C. §2241, where the prisoner was confined in a District different from the one in which he was convicted, and declaring that "[w]e cannot assume that Congress intended to require the Commonwealth of Kentucky to defend its action

in a distant State and to preclude the resolution of the dispute by a federal judge familiar with the laws and practices of Kentucky"); Weeks v. Wyrick, supra at 693 ("[o]nce the custodian is properly served * * * it is still proper to consider the most convenient forum for the litigation"); cf. Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 398 (8th Cir. 1991)(declaring that "[p]roper venue lies in the District of Minnesota, as that court has jurisdiction over Thompson's present custodian," in a circumstance where the petitioner was incarcerated in Minnesota, for an offense committed in Minnesota, although he was challenging previous actions taken by the State of Missouri). Accordingly, if we conclude that there is a more appropriate venue, other than the one in which the Petition was filed, we have authority to transfer the Petition pursuant to Title 28 U.S.C. §1404(a).[2]

[2]Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A Habeas Petition, under Section 2254, is considered a "civil action." See, Holloway v. Lockhart, 813 F.2d 874, 880 (8th Cir. 1987)("With some exceptions not here relevant (habeas corpus cases under 28 U.S.C. § 2254 are one of the exceptions), the Rules of Civil Procedure apply to all civil actions[.]"); O'Blasney v. Solem, 774 F.2d 925, 926 (8th Cir. 1985) ("In habeas corpus proceedings as in other civil actions, a petition ought not be summarily dismissed unless it appears without a doubt that the petitioner can prove no set of facts which would entitle him to relief.").

When a prisoner is incarcerated, pursuant to an agreement, in a State other than the State in which he was convicted, it is generally preferable to have his Federal Habeas Corpus claims considered in the State where he was convicted. See, Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (Habeas Petition brought by Nebraska prisoner housed in a Nevada prison should have been brought in Nebraska, not Nevada); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973)(Habeas Petition filed by a Montana prisoner housed in a South Dakota prison, in accordance with an Interstate Corrections Compact, was properly transferred from the District Court of South Dakota to the District Court of Montana, because Montana -- the place of conviction -- was the preferable venue); Smart v. Goord, 21 F. Supp.2d 309, 315 (S.D.N.Y. 1998)(Habeas Petition filed by New Hampshire prisoner held in New York prison was transferred to New Hampshire because that State was a more appropriate venue). Here, the Petitioner was tried, and convicted, in North Dakota under that State's law, and the DOCR remains ultimately responsible for his custody. Thus, we conclude that it would better serve judicial economy for the Petitioner's case to be heard by a Court that is more familiar with the underlying laws and rules -- in this case, the United States District Court for the District of North Dakota. Therefore, we find that Petitioner's present Section 2254 Habeas Corpus Petition should be litigated in North Dakota. Moreover,

since the Petitioner could have commenced this proceeding in the District of North Dakota, as the DOCR is his ultimate custodian, we conclude that we can properly transfer the case, under Section 1404(a). As a consequence, we recommend that this action be transferred, forthwith, to the United States District Court for the District of North Dakota, pursuant to Title 28 U.S.C. §1404(a).[3]

NOW, THEREFORE, It is --

RECOMMENDED:

That the Clerk of Court be directed to immediately transfer this action to the United States District Court for the District of North Dakota, pursuant to Title 28 U.S.C. §1404(a).

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[3]Prior to deciding whether to transfer this action, we solicited the views of both the Petitioner, and the Respondents, on the feasibility, and necessity, of such a transfer. The only reason the Petitioner advanced, for not transferring the action, was his "fear of history repeating itself." See, Docket No. 5, at 1. Although the reference is cryptic, and eludes our understanding, he appears to suggest that he has not faired well in the North Dakota Courts. While that may well be, the Petitioner has failed to proffer any showing of institutional bias against him, and we are presented with no showing that he has ever appeared in the Federal Court of the District of North Dakota, much less that he has not been treated there with impartiality.

## N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 4, 2002**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 4, 2002**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.